NIXON *v.* FURNITURE MANUFACTURERS' ASS'N.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DISCONTINUANCE OF PAYMENTS—EVIDENCE—MODIFICATION OF ORDER.

On certiorari to review an order of the industrial accident board denying defendant employer's petition to be relieved from further payments under the workmen's compensation act, there being no competent evidence before the board that plaintiff was employed or received wages subsequent to his employment with defendant, that part of the order of the board which is inconsistent or merely declaratory of the statute is eliminated, and the order as modified is affirmed.

Certiorari to Industrial Accident Board. Submitted April 9, 1920. (Docket No. 32.) Decided June 7, 1920.

Guy Nixon presented his claim for compensation against the Furniture Manufacturers' Association for injuries received in defendant's employ. From an order denying an application for discontinuance of payments under an award, defendant and the Furniture Mutual Insurance Company, insurer, bring certiorari. Modified and affirmed.

*Francis D. Campau,* for appellants.
*Glenwood C. Fuller,* for appellee.

CLARK, J. On April 9, 1919, applicant, Guy Nixon, sustained an accidental personal injury arising out of and in the course of his employment with defendant, Furniture Manufacturers' Association. An agreement in regard to compensation was entered into between the parties and approved by the industrial accident board and compensation was paid thereunder from the date of the accident to June 24, 1919. On June 25, 1919, applicant returned to his employment when, as stated by employer's foreman, he was "not in shape to work" and not able to do the work he had been doing when injured, but was permitted to do light work, which he did for about one week. He then left the employment with said defendant. On September 12, 1919, defendant filed with the board a petition alleging that full compensation had been paid and asking to be relieved from further liability in the cause. A hearing was had September 30, 1919. That applicant was employed or received wages subsequent to his employment with said defendant there was before the board no competent evidence as distinguished from hearsay.

Dr. Webb examined applicant about five weeks be-

fore the hearing and said that applicant was then not fully recovered, but was able to do light work, that a full recovery was to be expected and that he advised applicant to work. The board, not ordering further proof in order that the facts necessary to a decision upon the merits might be before it, in the exercise of its discretion made an order and finding from which we quote:

"That on or about June 25, 1919, the applicant resumed employment, although he had not fully recovered from the effects of the accidental injury he sustained, and that he worked about one week, receiving full wages for said period, and then left the respondent's employ;

"That the proofs do not show the earnings of the applicant since he was last in respondent's employ, and the board is therefore not in a position to determine at this time whether or not any compensation is due in the case; * * *

"It is therefore ordered and adjudged that said petition should be and the same is hereby denied."

The part of the order and finding above quoted is affirmed. The remaining portion of the order and finding, being in part inconsistent, and in part merely declaratory of the statute, will be eliminated.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.